# IN THE COURT OF APPEALS OF IOWA

No. 23-1104
Filed September 18, 2024

**JAMES RUSSELL WALDEN JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

An applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Sonia M. Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Langholz, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**MULLINS, Senior Judge.**

James Walden Jr. was convicted of first-degree murder, stemming from the brutal death of Sheila Keenan, who suffered "twenty-six blunt force wounds to her head including two that fractured her skull and caused severe brain hemorrhaging." *State v. Walden*, No. 18-0209, 2019 WL 6358300, at *1 (Iowa Ct. App. Nov. 27, 2019). The trial testimony generally pegged Walden as being the only person who was with Keenan at the time she was beaten to death. *See id.* at *1–2. We affirmed on direct appeal. *See generally id.* at *4–10 (rejecting claims relating to mistrial, jury instructions, and sufficiency and weight of the evidence but preserving claim of ineffective assistance of counsel).

Thereafter, Walden filed an application for postconviction relief (PCR), alleging "prosecutor misconduct" and "ineffective counsel." At the hearing on the application, PCR counsel clarified that Walden was raising four claims of ineffective assistance of his criminal defense attorneys in relation to their failure to (1) object to the county attorney's involvement in the prosecution given his prior representation of Walden; (2) "obtain footage from [a] gas station" that "would have shown that he was in a friendly financial transaction with the [victim] prior to the murder in question"; (3) object to "the excessive number of deputies in the courtroom" during trial, which signaled to the jury that he was guilty; and (4) properly cross-examine an officer about the details of a pair of khaki pants, namely "about the size of those pants and the relative size of Mr. Walden."

Walden testified he didn't think the county attorney should have been involved in the 2017 prosecution because he represented Walden sometime in the 1970s, but his attorneys declined to move for recusal because they thought it

was "not a big deal" since it was so "long ago." Walden agreed with his PCR counsel that he was concerned that the county attorney might have information about things he had "told him in confidence." He did not specify what those things were, if anything. He later agreed the county attorney didn't know "some dark secret" about him. Instead, it was only that the county attorney might have had knowledge about his criminal history. One of Walden's defense attorneys testified in a deposition that, despite the prior representation, Walden liked the county attorney and didn't have an issue with him prosecuting the case.

Next, Walden said his attorneys failed to obtain certain footage from a gas station he directed them to that would have helped his case. That footage was not presented at the PCR hearing. Walden also thought there were too many deputies in the courtroom during the criminal proceedings, "at least four or five," which gave an indication that "it was all over." However, Walden's testimony indicates this only occurred at the time of closing arguments and the rendering of the verdict. One of his defense attorneys testified the presence of two to four deputies is pretty standard, and he only recalled there being a larger number of deputies present during the reading of the verdict. The other defense attorney testified he didn't recall a lot of people being in the gallery or a lot of police presence at the trial.

As to the relevance of the khaki pants that were found at the scene with blood on them, Walden agreed that they were his, but he claimed he discarded them a few days before "because they were way too big" and "[t]here is no way" that they had any blood on them. Despite agreeing the pants were his, Walden said he wanted his attorney to cross-examine a witness about how they were too big for him.

In its PCR ruling, the district court rejected each of Walden's claims.  The court found no breach or prejudice on the claim about the county attorney's involvement in Walden's prosecution, reasoning that Walden only complained the county attorney would know about his criminal history, which "would have been readily available" to the prosecution in any event.  The court also found no breach or prejudice as to the supposed security footage because the alleged contents of the video had little probative value.  As to the number of deputies in the courtroom, the court likewise found no breach or prejudice because the heightened law enforcement presence was during the announcement of the verdict, after the jury had already made its decision.  Last, the court found defense counsels' failure to cross-examine witnesses about the size of the khaki pants in order to potentially show they were not Walden's did not result in prejudice because the evidence at trial showed they belonged to someone else.  So the court denied Walden's PCR application, and this appeal followed.

Appellate review of the district court's denial of a PCR application alleging ineffective assistance of counsel is de novo.  *See Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021).  We give weight to the lower court's factual findings but are not bound by them.  *See id.*  A claim of ineffective assistance of counsel requires proof that (1) counsel failed to perform an essential duty and (2) prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).  We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief."  *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (citation omitted).

On appeal, Walden only argues that the district court erred in finding he did not prove the prejudice prong of his ineffective-assistance claims. As discussed above, however, the court also found no breach of duty on Walden's first three claims, which Walden does not challenge and would therefore preclude relief on those claims. *See id.* We nevertheless choose to address the prejudice prong for each claim, which requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019) (citation omitted).

As to the first claim, Walden argues the county attorney's prior representation of him might have made the prosecution privy to "confidential information" that "may include information such as mental health history, but in particular, information learned from privileged conversations" that "would have made it easier for him to prosecute" Walden. Given that the county attorney represented Walden in the 1970s and this prosecution took place in 2017, there is no reasonable probability that the prosecution would have had a leg up. In addition, as the district court observed, the only thing Walden testified he was worried about the prosecution knowing based on the prior representation was his criminal history. Because this information was readily available to the prosecution in any event, we find no prejudice.

Turning to the second claim about the alleged video footage from a gas station, Walden argues he was "prejudiced because this evidence, that had the potential to create doubt as to [his] motive was not presented to the jury." Walden did not present the video as evidence at the PCR hearing and instead rested his

case on his self-serving testimony about what it would show. This is not enough to satisfy the prejudice prong. *See, e.g.*, *State v. Reeves*, No. 21-1997, 2023 WL 1811137, at *3 (Iowa Ct. App. Feb. 8, 2023) ("[B]ecause Reeves did not produce the allegedly exculpatory Facebook messages, [he] cannot prove he was prejudiced by that supposed failure."); *State v. Banks*, No. 21-0787, 2022 WL 1232208, at *2 (Iowa Ct. App. Apr. 27, 2022) (requiring "objective corroborating evidence" to support a claim for relief as opposed to an applicant's "own subjective, self-serving testimony").

On the third claim, Walden argues "[a]n excessive number of deputies could cut against the presumption of innocence" and, "[t]o a jury of laypeople, an excessive number of deputies may lead them to believe the defendant is guilty." Assuming that's true, Walden didn't prove that's what happened here or establish a reasonable probability of a different outcome had counsel objected. Furthermore, as the district court observed, the record indicates the heightened presence was at the time of the reading of the verdict. By this point, the jury had already made its decision and, thus, no prejudice resulted.

That leaves us with the claim about the khaki pants, in relation to which Walden argues counsel were ineffective in not cross-examining witnesses about the size of the pants in order to show they were not his. As we observed on direct appeal from Walden's conviction, the evidence already showed the pants belonged to someone else. *See Walden*, 2019 WL 6358300, at *2 ("A pair of worn, dirty, khaki pants stained with blood contained DNA matching the profiles of Walden, Snyder, and Keenan. Snyder later identified these as his khaki pants."). As a result, Walden was not prejudiced by counsels' alleged failure in this respect.

Finding counsel were not ineffective as alleged, we affirm the denial of Walden's PCR application.

**AFFIRMED.**